UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON


DIANA MEY, individually and on
behalf of a class of all persons
and entities similarly situated,

      Plaintiff,


v.                               Civil Action No. 2:12-1721


HONEYWELL INTERNATIONAL, INC. and
ISI ALARMS NC, INC.,

      Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>


      Pending are (1) the joint motion by plaintiff Diana Mey and Honeywell International, Inc., ("Honeywell") to extend deadlines by 30 Days, filed July 26, 2013, (2) Ms. Mey's motion to amend the complaint, filed August 1, 2013, (3) Ms. Mey's motion to modify the scheduling order, filed August 1, 2013, and (4) Ms. Mey's motion to file under seal exhibit 1 to her reply in support of her motion for leave to file an amended complaint, filed August 28, 2013.[1]

_____

      [1] The motion to seal aims to shield from public view portions of a deposition taken July 31, 2013.  Pursuant to a

On April 25, 2013, the court entered the parties' agreed scheduling order setting the following deadlines for case events:

| Discovery | 08/01/2013 |
|---|---|
| Amendment of pleadings and joinder of parties | 08/01/2013 |
| Dispositive motions | 08/15/2013 |
| Class certification motions | 11/01/2013 |

The agreed order additionally provided that, in the event that Ms. Mey amended the complaint to add an additional named class representative, she could request a modification of the schedule. It also provided a window within which Ms. Mey could seek call records, namely, for the period from March 7 to May 8, 2012.

In now seeking to amend the complaint, Ms. Mey proposes adding an additional class representative, Philip Charvat. She seeks an extension of the discovery deadline to

_____

protective order entered in this action, Honeywell designated portions of the deposition as confidential. Ms. Mey asserts that "it would be impossible to redact the exhibits [sic] in a meaningful way to protect the proprietary information." (Memo. in Supp. at 1). The court has reviewed portions of the materials submitted for sealing. It appears clear that redaction may alleviate the concerns expressed. The parties are, accordingly, ORDERED to meet and confer on or before October 10, 2013, in an effort to propose suitable redactions to the materials offered for sealing and present to the court no later than October 17, 2013, a revised sealing motion, if necessary, containing a more tailored request consistent with binding precedent and the Local Rules of Civil Procedure. It is further ORDERED that the motion to seal be, and hereby is, denied without prejudice.

February 1, 2014, and extension of the remaining deadlines by six months. The proposed amended complaint additionally seeks to add Monitronics, Kevin Klink, and Jayson Waller as additional defendants. Other technical amendments are mentioned by Ms. Mey as well.

Ms. Mey asserts the requested discovery extension to February 1, 2014, would aid her in (1) scheduling necessary witness depositions, (2) conducting the discovery necessary respecting Mr. Charvat's putative representative claims, and (3) further investigating the relationship between Monitronics and current defendant ISI Alarms NC, Inc.

Honeywell responds, _inter alia_, that Ms. Mey unduly delayed in moving to amend the complaint. For example, it assert that Mr. Charvat is a "professional plaintiff"[2] bent on

_____

[2] In her reply brief, Ms. Mey offers the following explanation:

Honeywell calls Mr. Charvat a "professional plaintiff" six different times in its brief. Referring to Mr. Charvat repeatedly as a professional plaintiff is insulting and unprofessional. Mr. Charvat is a nationally known telemarketing activist who has successfully prosecuted telemarketing cases in the Ohio Supreme Court and the Sixth Circuit Court of Appeals. Mr. Charvat has litigated, and won, many claims against practitioners of unlawful telemarketing. Many of Mr. Charvat's reported decisions have clarified and advanced telemarketing law in favor of consumers, to the chagrin of the

pursuing telemarketers who has been a client of Ms. Mey's
lawyers since at least January 2011. Honeywell points out that
Ms. Mey, in her Rule 26(a)(1) disclosures served September 7,
2012, identified Mr. Charvat as a person having knowledge of
allegedly illegal telemarketing calls made by Honeywell and ISI.
Honeywell further asserts that Ms. Mey was armed months ago with
the factual predicate for her new claims against Monitronics,
Klink and Waller. It asserts that Ms. Mey has unduly delayed
and engaged in bad faith to Honeywell's and ISI's prejudice
without good cause.

---

telemarketing industry and companies like Honeywell
that benefit from illegal telemarketing. See Dish
Network, LLC, 28 F.C.C.Rcd.6574 (May 9, 2013)
(establishing the operative legal standard for
vicarious liability under the TCPA); Charvat v. GVN
Mich., Inc., 561 F.3d 623 (6th Cir. 2009) (clarifying
damages a consumer may pursue under the TCPA); Charvat
v. Farmers Ins. Columbus, Inc., 178 Ohio App. 3d 118,
(Ohio Ct. App. 2008) (trial court decision reversed
relating to treble damages); Charvat v. Ryan, 116 Ohio
St. 3d 394 (Ohio 2007) (reversing trial court decision
against Mr. Charvat as to the evidentiary basis to
obtain treble damages under the TCPA); finally See
State ex rel. Charvat v. Frye, 114 Ohio St. 3d 76
(Ohio 2007) (Ohio Supreme Court recognizes that
although ". . . Mr. Charvat has filed numerous
lawsuits under the TCPA in recent years, there is no
evidence that any of these cases have been frivolous.
In fact, the evidence establishes that Charvat has
been successful in all but one of nearly 60 lawsuits
filed in the Franklin County Municipal and Common
Pleas Courts").

(Reply at 9).

Ms. Mey replies that (1) the scheduling order contemplated that another putative class representative could be joined, (2) Mr. Charvat was not added earlier inasmuch as he had not authorized counsel to join him, (3) Ms. Mey learned only recently certain critical details regarding Honeywell's and ISI's close working relationship with Monitronics, which she discusses in significant detail in her reply, and (4) the joinder of Klink and Waller, while not originally contemplated, is now necessary inasmuch as they are the principals of ISI, which has failed to comply with its discovery obligations and is no longer in business.[3]

---

[3] In her reply brief, Ms. Mey includes the following explanatory excerpt respecting ISI's status:

> [P]laintiff's counsel was provided with a recording of a call Kevin Klink made to Jay Connor, a plaintiff in an unrelated lawsuit against ISI. On the call, Klink bragged that he was "protected by the corporation," and told Connor "You cannot come after us," and "This is a waste of time, I'll never pay." Most importantly, he admitted: "I'm just letting you know it would be more in our best interest just to shut down and reopen than to pay out a lawsuit like that." (Ex. 3, Transcript of Call from Kevin Klink to Jay Connor). This is exactly what Klink and Waller have done: They shut down ISI's operations in 2013, but continue to use the same equipment and space to continue telemarketing as "Power Home Technologies."

(Reply at 8).

5

The court concludes that the requested amendments to the complaint are permissible under Rule 15(a). The court additionally finds good cause supports a modification of the scheduling order, but not to the extent sought by Ms. Mey. It is, accordingly, ORDERED that the schedule be, and hereby is, modified as follows:

| Discovery | 01/02/2014 |
|---|---|
| Dispositive motions | 02/03/2014 |
| Class certification motions | 04/02/2014 |

Consistent with the foregoing disposition, it is further ORDERED as follows:

(1) That the joint motion to extend deadlines by 30 days be, and hereby is, denied as moot;

(2) That Ms. Mey's motion to amend the complaint be, and hereby is, granted and the proposed first amended complaint filed today;

(3) That Ms. Mey's motion to modify the scheduling order be, and hereby is, granted to the extent set forth supra and otherwise denied.

The Clerk shall transmit this written opinion and order to counsel of record and to any unrepresented parties.

DATED: September 13, 2013

John T. Copenhaver, Jr.
United States District Judge